*141 OPINION.
Trammell:
The petitioner claimed deductions in 1919 and 1920 with respect to the notes, as set forth in the findings of fact, as debts ascertained to be worthless and charged off. In our opinion, the loss sustained by the petitioner, if any, was not on account of debts ascertained to be worthless. The petitioner actually received the cash for the notes from Parkhurst and assigned the notes to him. The losses sustained by the petitioner, if any, were represented by the payments made by the petitioner under its agreement with Park-hurst to reimburse him for any loss on account of the notes. During 1919 the petitioner paid to Parkhurst by way of increased salary, for the purpose of reimbursing him, $1,999.92. During this period there was no ascertainment of loss. It appeared then that the assets in the hands of the receiver would probably be sufficient to pay the entire amount. During 1920 the petitioner paid to Parkhurst the amount stated in the foregoing findings of fact, in accordance with its agreement with him, but at that time it was not definitely known what the loss would be, if any. The receiver had assets which wore sufficient to pay a portion of the claim, but what portion it was not known.
The guaranty which was assigned to Parkhurst by the bank was the joint obligation of Ugland, his wife, and his mother, who were directors of the Security State Bank of Fargo. There was no testimony as to what the assets and liabilities of Ugland’s wife and mother were. They were clearly liable on the guaranty agreement with Ugland, and even if we should find as a fact that Ugland had no assets out of which he could make good his guaranty, we could not find as a fact that the guaranty was worthless in the absence of any evidence as to the financial responsibility of the other guarantors.
In view of the evidence we must hold that the petitioner did not sustain a deductible loss in 1919 or 1920. When it paid out the additional compensation which was in fact a part payment under its agreement with Parkhurst, it was considered by both Parkhurst and the petitioner that the guaranty agreement of Ugland and the other directors of the Security State Bank would be sufficient to protect the petitioner or Parkhurst from any loss, and it was not definitely known whether such guaranty was sufficient at the end of 1920, during which year other payments were made by the petitioner.

Judgment will he entered for the respondent.